UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| BRIAN JAY PRUITT, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 1:13-CR-64-HSM-SKL-1 |
| | ) | | 1:16-CV-130-HSM |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

**MEMORANDUM OPINION**

Before the Court now is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 34]. He bases his request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague [*Id.*; Doc. 35]. The United States responded in opposition on June 24, 2016 [Doc. 38]. For the following reasons, Petitioner's § 2255 petition [Doc. 34] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

I. **BACKGROUND**

On September 26, 2012, Petitioner and an accomplice used a gun to rob a Family Dollar Store [Presentence Investigation Report ("PSR") ¶ 6]. Petitioner subsequently pleaded guilty to committing Hobbs Act robbery, in violation 18 U.S.C. §§ 1951, and one count of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) [Docs. 17, 21, 27]. On January 14, 2014, Petitioner was sentenced to a total of 108 months' imprisonment—24 months' incarceration for the Hobbs Act robbery and a statutorily mandated consecutive term of 84 months' incarceration for the § 924(c) offense [Doc. 27].

Petitioner appealed [Doc. 29], but the Sixth Circuit affirmed his conviction and sentence on July 31, 2014 [Doc. 32].  Petitioner did not seek a writ of certiorari from the Supreme Court and, as a result, his conviction became final for purposes of § 2255(f)(1) on October 29, 2014. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (explaining that a conviction affirmed on appeal becomes final when the period for seeking a writ of certiorari expires); U.S. Sup. Ct. R. 13(3) (providing ninety-day period for requesting a writ of certiorari, running from the date on which the Court of Appeal decision is issued).

Eighteen months later—on May 13, 2016—Petitioner filed the instant petition for collateral relief seeking correction of his sentence in light of *Johnson* [Doc. 34].  The United States responded in opposition to any form of collateral relief based on that decision [Doc. 38].

## II.  ANALYSIS

Petitioner's argument appears to be that the *Johnson* decision invalidated the similarly-worded residual clause in § 924(c)(3)(B), thereby removing Hobbs Act robbery from the list of "crimes of violence" sufficient to support a conviction under § 924(c)(1)(A) [Doc. 34 (arguing that he is entitled to vacatur of his § 924(c) conviction)].  His argument fails for two reasons.

First, binding Sixth Circuit precedent holds that while *Johnson* invalidated the residual provision of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. 924(e), and identically worded clause in Section 4B1.2 of the United States Sentencing Guidelines, § 924(c)(3)(B)'s definition of crime of violence remains unaffected.[1]  *See United States v. Pawlak*, No.15-3566,

---

[1]   The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1). The statute defines "violent felony" as  "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is

2

2016 WL 2802723, at *8 (6th Cir. Mar. 13, 2016) (concluding "rationale of *Johnson* applies

equally" to the Guidelines' definition of crime of violence); *United States v. Taylor*, 814 F.3d

340, 376–79 (6th Cir. 2016) (recognizing at least four "significant differences" between the

residual clause in § 924(c)(3)(B) and the ACCA's residual clause and noting "the argument that

*Johnson* effectively invalidated [the former] is . . . without merit"). As such, his Hobbs Act

robbery remains a crime of violence capable of supporting a conviction under § 924(c)(1)(A).

Second, even if *Johnson*'s reasoning could be used to invalidate § 924(c)(3)(B)'s residual

clause, Petitioner's conviction for Hobbs Act robbery would remain a crime of violence under

the provision because the offense qualifies under the use-of-physical-force clause contained in §

924(c)(3)(A). An offense qualifies as a crime of violence if it "has as an element the use,

attempted use, or threatened use of physical force against the person or property of another." 18

U.S.C. § 924(c)(3)(A). Petitioner's conviction for Hobbs Act robbery, which by definition

---

burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause");
or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to
another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual
clause—that the Supreme Court deemed unconstitutional in Johnson. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender,"
i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance
offense" and who has "at least two prior felony convictions of either a crime of violence or a
controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under
the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA.
See U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as
well as a nearly identical enumerated-offense clause).

Section 924(c)(1)(A) makes it a crime for an individual, "in relation to any crime of violence or
drug trafficking crime . . . for which the person may be prosecuted in a court of the United
States, [to] use[,] carr[y] [or possess] a firearm . . . in furtherance of . . . such crime." 18 U.S.C.
§ 924(c)(1)(A). Section 924(c)(3) goes on to define "crime of violence" as any "felony" that
"has as an element the use, attempted use, or threatened use of physical force against the person
or property of another" (use-of-physical-force clause); or "by its nature, involves a substantial
risk that physical force against the person or property of another may be used in the course of
committing the offense" ("residual clause").

3

---

involves the taking of property "by means of actual or threatened force, or violence, or fear of injury," 18 U.S.C. § 1951(b)(1), categorically falls within the scope of that provision. *See, e.g.*, *In re Fleur*, No. 16-12299, 2016 WL 3190539, at *3 (11th Cir. June 8, 2016) (finding, post-*Johnson*, that Hobbs Act robbery categorically qualifies as a crime of violence under the use-of-physical-force clause in 18 U.S.C. § 924(c)(3)(A)); *United States v. Howard*, No. 15-10042, 2016 WL 2961978, at *1 (9th Cir. May 23, 2016) (same); *accord United States v. House*, No. 14-3011, 2016 WL 3144735, at *3 (8th Cir. June 2016) (finding that Hobbs Act robbery categorically qualifies as a "serious violent felony" under 18 U.S.C. § 3559(c)(2)(F)(ii)'s use-of-physical-force clause); *United States v. McBride*, No. 15-3759, 2016 WL 3209496, at *2 (6th Cir. June 10, 2016) (finding that federal bank robbery, in violation of 18 U.S.C. § 2113(a), which can be committed "by force and violence, or by intimidation," falls within the Section 4B1.2(a)'s use-of-physical-force clause); *United States v. Mitchell*, 743 F.3d 1054, 1058–60 (6th Cir. 2014) (finding that Tennessee robbery, which can be committed "by violence or putting the person in fear," categorically qualifies as a violent felony under the ACCA's use-of-physical-force clause). In light of the foregoing, *Johnson* is inapposite and cannot operate as a basis for collateral relief.

IV.     **CONCLUSION**

For the reasons discussed, Petitioner's § 2255 motion [Doc. 34] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

_/s/ Harry S. Mattice, Jr._
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE